UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHARLES ABIEANGA, | Case No. 24-CV-3131 (JWB/JFD) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| BILLY EISCHEN, Warden FPC Duluth, | |
| Respondent. | |

Under the First Step Act of 2018 ("FSA"), some prisoners may earn time credits towards their release from custody or towards sooner placement in prerelease custody by participating in "evidence-based recidivism reduction programming." 18 U.S.C. § 3632(d)(4). Petitioner Charles Abieanga claims that the Federal Bureau of Prisons ("BOP") has failed to award him with time credits under the FSA for some of the time that he has spent in prison, and he has filed a petition for a writ of habeas corpus asking this court to direct the BOP to award him with those credits.

That habeas petition is now before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] As a result of that review, this Court concludes that Abieanga's habeas petition should be denied without prejudice and this matter should be dismissed.

---

[1] Mr. Abieanga's habeas petition is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may be applied to any habeas petition. See Rule 1(b).

1

There are two *potential* problems with Abieanga's habeas petition and one *definite* problem with the petition:

The first potential problem is that it is not entirely clear that Abieanga is presenting a cognizable claim for habeas relief. As mentioned above, under the FSA, prisoners participating in "evidence-based recidivism reduction programs" while in BOP custody may earn up to 15 days per month in time credits. *See* 18 U.S.C. § 3632(d). Up to 365 days' worth of those time credits may be applied towards reducing the prisoner's overall custodial term, *see* 18 U.S.C. § 3624(g)(3), and the remainder may be applied towards accelerating the date on which the prisoner becomes eligible for "prerelease custody"— that is, in a residential reentry center or on home confinement. *See* 18 U.S.C. § 3632(d)(4). It is not clear from the habeas petition whether Mr. Abieanga has received or anticipates receiving the full allotment of FSA time credits that may be applied towards shortening his term of imprisonment, but if he does, then the BOP's failure to award additional time credits could only affect the date on which Mr. Abieanga becomes eligible for prerelease custody.

"When a prisoner is not challenging either the fact or the duration of his confinement, habeas is not the proper remedy, and the court lacks jurisdiction over his claims." *Johnson v. Birkholz*, No. 21-CV-2017 (PJS/LIB), 2022 WL 3135304, at *1 (D. Minn. Aug. 5, 2022). A claim that a federal prisoner should sooner be transferred to prerelease custody or home confinement amounts only to an attack on the conditions of the prisoner's confinement and therefore is not cognizable on habeas review. *See Johnson*, 2022 WL 3135304, at *1 (citing *Spencer v. Haynes*, 774 F.3d 467, 469-71 (8th Cir. 2014);

2

*Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam)). Put another way, a prisoner may invoke habeas corpus to allege that he should spend less time overall in BOP custody, but not to allege that he should serve part of his time in BOP custody at home or in an RRC. If Mr. Abieanga is only claiming entitlement to sooner eligibility for prerelease custody, then he simply cannot bring his claim through a habeas petition.

The second potential problem is that the petition is far from clear that Mr. Abieanga is entitled to FSA time credits for the periods he is claiming. The habeas petition appears to view the credits as an entitlement—so long as a prisoner is in BOP custody, argues Mr. Abieanga, then he entitled to receive FSA time credits. But the FSA itself is perfectly clear that a prisoner is entitled to FSA time credits only if (among other conditions) the prisoner has participated in "evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4). It appears from the documents attached to Mr. Abieanga's habeas petition that the BOP failed to award him with time credits for the periods at issue because he was not participating in evidence-based recidivism reduction programming or productive activities during those periods. *See* Pet. App'x 1 [Dkt. No. 1-2]. Never does Mr. Abieanga allege that BOP was mistaken about this and that he was, in fact, participating in evidence-based recidivism reduction programming or productive activities during these months. But if Mr. Abieanga was not participating in evidence-based recidivism reduction programming or productive activities during the months at issue, then he would not be entitled to FSA time credits for those months—period. The FSA itself could not be clearer about this.

The exact circumstances concerning why Mr. Abieanga has been denied FSA time credits for the months at issue would be clearer if Mr. Abieanga had presented his claims to the BOP and exhausted the agency's administrative-review procedures for those claims. Unfortunately, Mr. Abieanga by his own admission did not exhaust administrative remedies for his claims, *see* Petition at 3 [Dkt. No. 1]—and it is on this basis that denial of the habeas petition ultimately is recommended.

The federal habeas corpus statute does not include an exhaustion requirement, *see generally* 28 U.S.C. § 2241, but courts have long required prisoners to exhaust administrative remedies made available by the BOP before seeking habeas relief. *See Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009); *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam). There are two principal reasons that exhaustion is required. First, if the prisoner is correct that the BOP has acted wrongfully, then the BOP may be able to correct that error before habeas litigation ever becomes necessary. Second, even if the prisoner's claim ultimately is denied by the BOP, the administrative-review process will cause the petitioner's claims (and the government's defenses to those claims) to have become better developed before those claims arrive at the federal courthouse. This case, in fact, exemplifies why exhaustion of administrative claims is required. It is not clear from Mr. Abieanga's petition or exhibits how many FSA time credits he has earned, whether he has a cognizable claim for habeas relief available to him, whether he was participating in recidivism-reduction programming during the period at issue, or whether another obstacle would have prevented him from earning FSA time

credits. All of this would have been fleshed out during the administrative-review process, if only Mr. Abieanga had seen that process through to its conclusion.

To be sure, the exhaustion requirement is somewhat flexible, and courts have the discretion to proceed to the merits of a habeas claim in appropriate circumstances despite the fact that administrative remedies were not first exhausted. *See, e.g.*, *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007). "When deciding whether to exercise this discretion, a court 'balance[s] the interest of the individual in retaining prompt access to a federal forum against countervailing institutional interests favoring exhaustion." *Henderson v. Eischen*, No. 23-CV-1336, 2023 WL 4422535, at *1 (D. Minn. June 7, 2023) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992)).

Mr. Abieanga offers two reasons why the Court should exercise its discretion not to require that he first exhaust administrative remedies before pursuing habeas relief in federal court, but neither reason is convincing. First, Mr. Abieanga argues that exhaustion would be a "futile effort" because his administrative appeal "would be denied by the BOP." Petition at 3. It is true that the futility of an administrative remedy can serve as a basis for excusing exhaustion, *see Riggan v. Bureau of Prisons*, No. 23-CV-3817 (JMB/DTS), 2024 WL 665942, at *2 (D. Minn. Jan. 10, 2024), but the mere fact that a prisoner believes that the BOP is unlikely to agree with him does not render the pursuit of administrative remedies futile.

Second, Mr. Abieanga argues that time is of the essence and that, if he were awarded the FSA time credits that he believes he deserves, he would be eligible for transfer to prerelease custody today. But as explained above, sooner eligibility for transfer to

5

prerelease custody is not a basis for a cognizable habeas claim, as it relates only to the conditions of the prisoner's confinement rather than the fact of the confinement. Mr. Abieanga alleges that his release date is currently scheduled for October 8, 2025, and that he is eligible for 75 days of FSA time credits that have not been awarded. *See* Petition at 7, 8. Even if every one of those credits could be applied towards shortening Mr. Abieanga's sentence, he would still have nearly a year left to run on that sentence. This is more than enough time for Mr. Abieanga to pursue administrative remedies and (if necessary) return to federal court in pursuit of habeas corpus relief.

Accordingly, this Court recommends that Mr. Abieanga's habeas petition be denied without prejudice for failure to exhaust administrative remedies.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Charles Abieanga [Dkt. No. 1] be DENIED WITHOUT PREJUDICE.

2. This matter be DISMISSED.

Dated: September 18, 2024          *s/ John F. Docherty*
                                   JOHN F. DOCHERTY
                                   United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).